**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK COLLINS, INC. | **:** |
| | **:** |
| Plaintiff, | **:** |
| | **:** |
| v. | **:** |
| | **:**   Civil Action No.:  11-cv-7252-MSG |
| JOHN DOES 1-18, | **:** |
| | **:** |
| Defendants. | **:** |
| | **:** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN DOE
13'S MOTION TO SEVER DEFENDANTS FOR IMPROPER JOINDER
AND TO VACATE THE ORDER GRANTING LEAVE TO SERVE
THIRD-PARTY SUBPOENAS AND TO QUASH THE SUBPOENA**

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................ 1

II.    FACTUAL AND PROCEDURAL HISTORY ................................................ 4

III.   ARGUMENT ............................................................................................. 5

      A.    Joinder of Defendants Is Improper ...................................................... 5

           1.    Legal Standard ........................................................................ 5

           2.    Plaintiff Has Failed to Meet the Requirements of Rule 20(a) and Doe Defendants 2-18 Should Be Severed From This Action............................ 6

           3.    Joinder Is Not Appropriate and Doe Defendants 2-18 Should Be Severed From This Action .................................................................. 8

      B.    Order Granting Permission to Serve Subpoena Should Be Vacated and the Subpoena Should Be Quashed .................................................... 9

           1.    Defendant Has Standing to Challenge the Subpoena Because Defendant Has a Personal Interest in the Subpoenaed Matter .................................. 10

           2.    The Order Granting Leave to Serve Third-Party Subpoena Should Be Vacated ................................................................................ 10

           3.    The Subpoena Should Be Quashed to Protect Defendant From Unreasonable Annoyance, Embarrassment and Oppression ................... 13

      C.    Alternatively, a Protective Order Should Be Entered Precluding Public Disclosure of Defendant's Confidential Information ........................................ 13

IV.   CONCLUSION ......................................................................................... 16

**TABLE OF AUTHORITIES**

<u>Cases</u>  <u>Pages</u>

*BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (Newcomer, J.)............... 9

*Boy Racer, Inc. v. Doe*, 2011 WL 3652521 (N.D.Cal. 2011) ....................................................... 11

*Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229 (M.D. Tenn. 2001)................................... 8

*Cooper v. Fitzgerald*, 266 F.R.D. 86 (E.D. Pa. 2010) (Kelly, J.) .................................................. 5

*Diabolic Video Productions, Inc. v. Does 1-2099*, 2011 WL 3100404
 (N.D. Cal. May 31, 2011) ................................................................................................. 6

*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996)............................................ 12

*Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701 (W.D. Pa. April 3, 2008) ...................................... 6

*Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159
 (2d Cir. 1971)................................................................................................................... 12

*Hard Drive Prods. v. Does 1-33*, No. C. 11-03827 LB, 2011 WL 5325530
 (N.D. Cal. Nov. 3, 2011)................................................................................................... 7

*Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011)...... 5, 6, 8, 9

*IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043
 (N.D. Cal. Feb. 3, 2011)................................................................................................... 2

*K-Beech, Inc. v. John Does 1-85*, 2011 WL 4915551 (E.D. Va. Oct. 17, 2011) ........................... 6

*Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003) ............................................................ 11

*Kida v. EcoWater Systems LLC*, 2011 WL 1883194 (E.D. Pa. 2011) (Baylson, J.).................... 10

*LaFace Records, LLC v. Does 1-38*, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) ....................... 6

*Media Products, Inc. DBA Devil's Film v. Does 1-1257*, Case No. CV 10-04471 RS ................ 2

*Mosley v. General Motors Corp.*, 497 F.2d 1330 (C.A. Mo. 1974) .............................................. 5

*Newborn v. Yahoo!, Inc.*, 391 F.Supp.2d 181 (D.D.C. 2005)...................................................... 12

*Patrick Collins Inc, V. Does 1-1,219*, Case 4:10-cv-04468-LB, Dkt. 27
 (N.D. Cal. Aug. 29, 2011)................................................................................................. 3

*Patrick Collins, Inc. v. Does 1-118*, Case 3:10-CV-92-JPB, Dkt. 42
    (N.D.W.Va Dec. 16, 2010) ................................................................................ 7

*Patrick Collins, Inc. v. John Does 1-35*, Case 2:11-cv-05172, Dkt. 36
    (E.D. Pa. December 29, 2011) (Savage, J.) ................................................ 5, 7, 9

*Religious Tech. Ctr v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361
    (N.D. Cal. 1995).............................................................................................. 11

*Righthaven LLC v. Democratic Underground, LLC*, No.2:10-cv-01356, Dkt. 94
    (D. Nev. Apr. 14, 2011) .................................................................................... 2

*Righthaven LLC v. Hill*, No. 1:11-CV-00211, Dkt. 16 (D.Colo. Apr. 7, 2011) ...................... 3, 15

*VPR Internationale v. Does 1-1017*, Case No. 2:11-cv-02068-HAB, Dkt. 15
    (C.D. Ill April 29, 2011) ............................................................................. 12, 15

**Rules**                   **Pages**

Fed. R. Civ. P. 20(a)(2)............................................................................................ 5

Fed. R. Civ. P. 21.................................................................................................... 6

Fed. R. Civ. P. 26(c)(1)(B) & (D)............................................................................ 14

Fed. R. Civ. P. 45(a)(2)........................................................................................... 10

Fed. R. Civ. P. 45(c)(3)(A)(iv) ................................................................................ 13

**Treatises**            **Pages**

7 C. Wright, Federal Practice and Procedure § 1652 at 265 (1972) ............................................. 6

Pursuant to Federal Rules of Civil Procedure (FED. R. CIV. P.) 20 and 21, Defendant, John Doe No. 13 ("Defendant")[1], respectfully submits this Memorandum of Law in support of Defendant's Motion to Sever Defendants for Improper Joinder and to Vacate the Order Granting Leave to Serve Third-Party Subpoenas and to Quash the Subpoena ("Motion"). In its motion, Defendant seeks 1) severance of the defendants for improper joinder and 2) that the Order dated January 24, 2012 granting Plaintiff, Patrick Collins, Inc. ("Plaintiff") leave to serve third-party subpoena upon Defendant's Internet Service Provider ("ISP"), Comcast Corporation ("Comcast") be vacated, and 3) that the subpoena be quashed.

## I.     INTRODUCTION

The instant case is part of a systemic effort to build a business model based on weak allegations of copyright infringement and questionable use of the legal system to quickly wrest profit through the generation of settlements from defendants cowed by the potential threat of a massive award of statutory damages (if Plaintiff's joint and several theories are to be credibly believed, could allegedly result in excess of several millions of dollars based solely on weak allegations of what can only be described at best, as *de minimus* acts), attorneys fees, ignorance about defenses, and perhaps most importantly, the stigma which attaches to defendants when identified and associated with illegally downloading pornographic films to coerce quick, and profitable contingency-fee settlements. *See* Michael Roberts, *BitTorrent Motion Alleges Legal Business Model Targeting Porn Downloaders*, Denver Westword, September 16, 2011, http://blogs.westword.com/latestword/2011/09/porn_downloaders_bittorrent_lawsuit.php, attached hereto as **Exhibit A**.

---

[1]   Although informed by Comcast Corporation ("Comcast") as being the user of the IP Address identified as John Doe No. 13, this motion is being made without any waiver or prejudice of Defendant's right to dispute that Defendant is the user of the IP address identified as corresponding to Doe No. 13.

As the Honorable Roger Hunt, Chief Judge of the U.S. District Court for the District of Nevada noted, similar plaintiffs "have attempted to create a cottage industry of filing copyright claims, making large claims for damages and then settling claims for pennies on the dollar, with defendants who do not want to incur the costs of defending the lawsuits." *Righthaven LLC v. Democratic Underground, LLC*, No.2:10-cv-01356, Dkt. 94 (D. Nev. Apr. 14, 2011), attached hereto as **Exhibit B**.

In perhaps the most explicit demonstration and subsequent repudiation of plaintiffs for profit litigation model, Magistrate Judge Beeler of the U.S. District Court for the Northern District of California, directly rebuked Plaintiff Patrick Collins, Inc., (the same Plaintiff as the instant action) in an identical case involving 188 John Doe defendants stating:

> [t]he court has no confidence that Plaintiff has been diligent in moving to name and serve defendants, despite its (unsworn) claims to the contrary. For example, Plaintiffs counsel states that he has filed ten other copyright cases involving a large number of Doe defendants.  ECF No. 17 at 4. The court reviewed the dockets and noted that the plaintiffs in these cases have not filed proof of service for even a single defendant even though a number of defendants have been identified and dismissed after settling with the plaintiffs.  *See, e.g., Media Products, Inc. DBA Devil's Film v. Does 1-1257*, Case No. CV 10-04471 RS (complaint filed on October 4, 2010 and no proof of service filed for any defendant as of July 29,2011, but four Doe defendants have been dismissed after settling). This pattern holds true in this case too. Here, Plaintiff has not identified or served any of the 1,219 Doe Defendants. However, on May 10, 2011, Plaintiff filed a stipulation dismissing with prejudice a Doe Defendant who settled with Plaintiff. ECF No. 13 at 1. And, on August 18, 2011, Plaintiff filed a stipulation dismissing with prejudice more than thirty Doe Defendants who settled. ECF No. at 1-2. The plaintiffs in these cases appear content to force settlements without incurring any of the burdens involved in proving their cases. And, while the courts favor settlements, "filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for." *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at *6 (N.D. Cal. Feb. 3, 2011).

Order Dismissing Complaint, *Patrick Collins Inc, v. Does 1-1,219*, Case 4:10-cv-04468-LB, Dkt. 27, at 4 (N.D. Cal. Aug. 29, 2011), attached hereto as **Exhibit C**. Courts have specifically and directly condemned such for-profit copyright litigation models. *See e.g.*, *Righthaven LLC v. Hill*, No. 1:11-CV-00211, Dkt. 16 (D.Colo. Apr. 7, 2011) ("Plaintiff's wishes to the contrary, the courts are not merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability"), attached hereto as **Exhibit D**.

Patrick Collins, Inc. (the plaintiff in this case), is no exception. It has filed similar mass-copyright infringement lawsuits against doe defendants, seeking settlements from innocent defendants. *See BitTorrent Motion Alleges Legal Business Model Targeting Porn Downloaders*, **Ex. A** (an innocent third-grade teacher who cannot afford to be accused of downloading pornography, lest she be accused of being a pedophile); and George Gombossy, *Grandmother Who Use Computer For Bible Study Sued For Illegally Downloading Porn*, CTWatchdog.com, October 25, 2011, http://ctwatchdog.com/finance/grandmother-who-uses-computer-for-bible-study-sued-for-illegally-downloading-porn, attached hereto as **Exhibit E**. As of March 2012, Patrick Collins, Inc. had filed 110 similar lawsuits against more than 10,240 individual John Doe Defendants, the majority of which had terminated without Plaintiff filing a proof of service for a single individual defendant.[2] In this District alone, since August 2011, Patrick Collins, Inc. has filed 5 separate actions against 151 individual John Doe defendants. As of the date of this motion, in those 5 actions, Plaintiff has yet to file a proof of service for a single individual defendant; however, Plaintiff has filed numerous voluntary dismissals with prejudice after settling with various Doe Defendants.

Not only is Plaintiff taking advantage of the courts to exact settlements from Defendants, Plaintiff is abusing the procedural rules, *i.e.*, the Rule 20 joinder rule, to avoid the cost of

---

[2] This data is based on a PACER search of all federal courts for Patrick Collins as a party.

appropriately filing individual cases. In this case, where Plaintiff has mis-joined all eighteen (18) defendants, the filing fees alone for each of the 18 putative Defendants would be over $6,000.

In light of the obvious abuse of the judicial system as well as the significant risk of misidentification of potential defendants as discussed below, Doe Defendants 2-18 should be severed from this action and the Order granting leave to serve third-party subpoenas should be vacated and the subpoena should be quashed.

## II.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Patrick Collins, Inc., also known as Elegant Angel Productions, is a pornography film production company owned by Patrick Collins, a pornography director. Plaintiff filed its complaint on or about November 21, 2011 alleging that eighteen (18) "John Does" used the BitTorrent protocol to engage in direct and contributory copyright infringement and direct and contributory trademark infringement. Plaintiff alleges that it had identified the Internet Protocol ("IP") addresses of the eighteen John Does that employed the BitTorrent protocol to share Plaintiff's copyrighted work, a movie titled "Latin Booty."

On or about December 21, 2011, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference. Plaintiff sought to serve immediate discovery upon each John Doe Defendant's internet service provider—here, Comcast Cable, RCN Corporation, and Verizon Internet Services—to obtain personal indentifying information regarding the IP addresses. Upon consideration of Plaintiff's unopposed Motion, on or about January 24, 2012, the Court issued an Order permitting Plaintiff to serve Rule 45 subpoenas upon John Doe Defendant's ISPs ("Order").

Subsequently, Plaintiff served Comcast, Defendant's ISP, with a subpoena issued from the District Court of New Jersey, which commanded Comcast to produce to Plaintiff at

Plaintiff's counsel's office in Harleysville, Pennsylvania, the personal identifying information

(the name, address, and telephone number) of the user associated with the IP address by March

12, 2012 ("Subpoena"). By letter dated February 10, 2012, Comcast informed Defendant of the

Subpoena and indicated that Comcast would provide the requested information to Plaintiff on the

next business day after March 12, 2012 unless Defendant filed a motion to quash or vacate the

Subpoena and notified Comcast of Defendant's filing by no later than March 12, 2012.

## III.   ARGUMENT

### A.   Joinder of Defendants Is Improper

This exact same issue has already been addressed in this district by Judge Timothy J.

Savage against the same Plaintiff in *Patrick Collins, Inc. v. John Does 1-35*, Case 2:11-cv-

05172, Dkt. 36 (E.D. Pa. December 29, 2011) (Savage, J.) in an Order severing all but one John

Doe defendant from the action for improper joinder.  *See* Order dated December 29, 2011,

attached hereto as **Exhibit F**.  Defendant respectfully requests that this Court likewise sever all

but John Doe 1 from the action for improper joinder of defendants.

### 1.   Legal Standard

Pursuant to FED. R. CIV. P. 20(a)(2), permissive joinder of defendants is proper if:

> (A)   any right to relief is asserted against them jointly, severally,
> or in the alternative with respect to or arising out of the same
> transaction, occurrence, or series of transactions or
> occurrences; and
>
> (B)   any question of law or fact common to all defendants will
> arise in the action.

FED. R. CIV. P. 20(a)(2).  *See also Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010)

(Kelly, J.).  Permissive joinder is "designed to promote judicial economy and trial convenience."

*Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011). *See*

*also Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (C.A. Mo. 1974) (*citing* 7 C.

Wright, Federal Practice and Procedure § 1652 at 265 (1972)). Even if FED. R. CIV. P. 20(a)'s

requirements are met, "a district court must examine whether permissive joinder would 'comport

with the principles of fundamental fairness' or would result in prejudice to either side." *Hard*

*Drive Prods.*, 809 F. Supp. 2d at 1156. Rule 21 further provides that upon finding misjoinder of

parties, upon motion or on its own, a court may, at any time, add or drop a party.  *See* FED. R.

CIV. P. 21.

**2.      Plaintiff Has Failed to Meet the Requirements of Rule 20(a)**
**and Doe Defendants 2-18 Should Be Severed From This Action**

Joinder is improper because Plaintiff has failed to establish that the claims arise out of the

same transaction, occurrence or series of transactions or occurrences, and contain common

questions of law or fact. The claim that joinder is proper based on Internet file sharing protocols

like BitTorrent or other peer-2-peer ("P2P") protocols has been reviewed and almost universally

rejected by various courts. *See Fonovisa, Inc. v. Does 1-9*, 2008 WL 919701 (W.D. Pa. April 3,

2008) (finding joinder improper because of the different factual contexts of the alleged

infringement for each defendant and absence of any evidence showing joint action by

defendants, other than their use of the same Internet file sharing network to access copyrighted

recordings); *LaFace Records, LLC v. Does 1-38*, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008)

(rejecting joinder based on the claim that defendants used the same ISP and P2P network to

allegedly commit copyright infringement); *Diabolic Video Productions, Inc. v. Does 1-2099*,

2011 WL 3100404 (N.D. Cal. May 31, 2011) (holding that the nature of the Internet file sharing

protocol, BitTorrent, does not make joinder appropriate where defendants allegedly used Internet

file sharing to infringe copyrighted works); *K-Beech, Inc. v. John Does 1-85*, 2011 WL 4915551

(E.D. Va. Oct. 17, 2011) ("mere allegations that Doe Defendants .have used the same peer-to-

peer network to copy and reproduce their videos is insufficient to meet the standards of

6

joinder."); and *Patrick Collins, Inc. v. Does 1-118*, Case 3:10-CV-92-JPB, Dkt. 42 (N.D.W.Va. Dec. 16, 2010) (same), attached hereto as **Exhibit G**.

Despite Plaintiff's claims, based on and according to the great weight of judicial authority, the Doe Defendants did not participate in the same transaction or occurrence, or the same series of transactions or occurrences, as required for joinder; nor, did they act in concert with one another. The mere fact that any of the Doe Defendants may have allegedly clicked on a command to participate in the internet file sharing network does not mean that each, together, was part of the downloading done by hundreds or thousands of individuals. Moreover, even if it were true that all Doe Defendants participated in what Plaintiff describes as a "swarm," it cannot be said that each defendant was physically present at the same day and time. In fact, Plaintiff admits that downloading was done at different times and dates ranging throughout a seven-week period from August 24, 2011 to October 10, 2011.

As stated above, in a nearly identical mass-copyright infringement action brought by the same plaintiff, Patrick Collins, Inc., Judge Timothy J. Savage severed all but one defendant from the action, finding that the joinder of the various defendants was improper. *See* Order (Savage, J.), **Ex. F**.  Judge Savage noted that "even assuming as true plaintiff's allegation that the Does downloaded and shared the same file and were part of the same swarm, permissive joinder is in appropriate given the nearly two-month period during which the Does allegedly downloaded the Work." *Id*. at n. 1 (*citing Hard Drive Prods. v. Does 1-33*, No. C. 11-03827 LB, 2011 WL 5325530, at *3 (N.D. Cal. Nov. 3, 2011) (holding joinder of thirty-three swarm members inappropriate given a similarly disparate range of alleged infringement dates)). Given the fact that Plaintiff in this action similarly alleges that eighteen Does downloaded and shared the same file and were part of the same swarm over a nearly two-month period, permissive joinder should

7

likewise be deemed inappropriate in this matter and all Doe Defendants 2-18 should be severed from this action.

### 3.    Joinder Is Not Appropriate and Doe Defendants 2-18 Should Be Severed From This Action

Even if, *arguendo*, Plaintiff has met the requirements set forth under FED. R. CIV. P. 20(a), the joinder is nevertheless not appropriate and Doe Defendants 2-18 should be severed from this action because the joinder of the Doe Defendants would defeat judicial economy, result in a series of mini-trials, go against notions of fundamental fairness, and ultimately cause prejudice to defendants.

In *Hard Drive Prods.*, *supra*, the court found that permitting joinder was not only impracticable, but would "undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case." *Hard Drive Prods.*, *supra*, 809 F.Supp.2d at 1164 (*citing Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232-33 (M.D. Tenn. 2001)). The court also found that:

> . . . permissive joinder of the Doe Defendants does not comport with the "notions of fundamental fairness," and that it will likely cause prejudice to the putative defendants. *See Coleman*, 232 F.3d at 1296. The joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing *pro se* and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the 188 Does having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice.

*Hard Drive Prods.*, 809 F. Supp. 2d at 1164.

Likewise, in the other mass-copyright infringement case brought by Plaintiff currently pending before Judge Timothy J. Savage, the Court (*citing Hard Drive Prods. v. Does 1-188*) determined that even if plaintiff had met the requirements of Rule 20(a), "it is appropriate to sever and dismiss all but one Doe." *See* Order (Savage, J.), **Ex. F**.  In granting severance, the Court found that in spite of the similar conduct allegedly perpetrated by the defendants, different defenses have been presented and are likely to be presented should joinder remain. *Id.* (Savage, J.) (*citing BMG Music v. Does 1-203*, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (Newcomer, J.) (describing a similar scenario where "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works.  John Doe 3 through 203 could be thieves, just as Plaintiffs believe.")).

Similarly, in light of the different defenses that are likely to be presented and the substantial prejudice to defendants, the Court should likewise sever the action as to Doe Defendants 2-18.

### B.    Order Granting Permission to Serve Subpoena Should Be Vacated and the Subpoena Should Be Quashed

After obtaining leave of Court to serve third-party subpoenas, Plaintiff served a Subpoena upon Comcast that was issued out of the District of New Jersey (not this district) and presumably served upon Comcast at Comcast's Legal Demand Center located in Moorestown, New Jersey. However, the Subpoena requires Comcast to produce documents to Plaintiff at Plaintiff's counsel's office, located in Harleysville, Pennsylvania.

Simultaneously with this Motion, because the Subpoena was issued out of the District of New Jersey, Defendant has been caused to file a Motion to Quash the subpoena in the District of New Jersey based on the Subpoena being defective for failure to comply with FED. R. CIV. P.

45(a)(2) as well as for the reasons set forth below. *See* Motion to Quash, attached hereto as **Exhibit H**. However, to prevent Plaintiff from simply reissuing a Subpoena that cures the defect, Defendant requests that the Order granting Plaintiff leave to serve third party subpoenas be vacated.

**1.      Defendant Has Standing to Challenge the Subpoena Because
Defendant Has a Personal Interest in the Subpoenaed Matter**

A party has standing to challenge a subpoena issued to a third party when the party has a personal right or privilege in the information sought by the subpoena. *See Kida v. EcoWater Systems LLC*, 2011 WL 1883194, *2 (E.D. Pa. 2011) (Baylson, J.). Here, because the subpoena issued to Comcast seeks Defendant's personal identifying information, Defendant undoubtedly has a "personal right" in the information sought by the subpoena. Further, once Defendant's name is turned over by Comcast, Plaintiff, as part of its business-model will quickly seek settlements from any identified Doe Defendants, amounting to thousands of dollars each, with no serious intention of naming any Defendant and litigating the matter on the merits. If an identified Doe Defendant has a personal right sufficient to pay several thousands of dollars under the threat of public exposure and litigation, certainly Defendant has a personal right sufficient to object prior to that disclosure. Accordingly, Defendant has standing to challenge the subpoena.

**2.      The Order Granting Leave to Serve Third-Party Subpoena
Should Be Vacated**

In addition to the fact that the defendants have been improperly joined, the Order granting leave to serve third-party subpoenas should be vacated because the technology utilized to identify individual defendants for the alleged copyright infringement is unreliable and

insufficient to show a volitional act of copyright infringement.[3] More specifically, there is not only software capable of impersonating and/or falsifying an IP address ("spoofing")[4], but such tracing software is unreliable because the software is incapable of detecting MAC addresses. Furthermore, most ISPs do not store MAC address data and they have no ability to detect MAC addresses that have been falsified. Because the technology utilized by Plaintiff to "identify" Defendant is undoubtedly unreliable, Plaintiff is surely incapable of accurately verifying individuals who downloaded copyrighted material, and from where the material is downloaded. Because IP addresses indicated on Plaintiff's subpoenas are unreliable, Plaintiff cannot base its subpoenas on such unreliable information.[5]

Moreover, to prove infringement, a plaintiff must first prove that the defendant copied the protected work (*see Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) ("the plaintiff must show ownership of the copyright and copying by the defendant")), and that the copying was a result of a volitional act. *See Religious Tech. Ctr v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1369-70 (N.D. Cal. 1995). However, Plaintiff's allegations are woefully inadequate and do not, and cannot account for numerous issues, from open wireless networks being illegally invaded, IP address spoofing to human and collection errors. Courts again have touched on this simple yet utterly logical idea: *an IP address is not a Copyright Infringer*.  As the Central District of Illinois Court noted:

> [Plaintiff] ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the

---

[3] *See* James Temple, *Stelle Hansmeier drops suit against 'porn granny'*, San Francisco Chronicle, Aug. 31, 2011, http://www.sfgate.com/cgi-bin/article.cgi?f=/c/a/2011/08/31/BUAC1KTB44.DTL, attached hereto as **Exhibit I**.
[4] *See e.g.*, http://Proxy.org/.
[5] A more thorough discussion of BitTorrent technology can be found in *Boy Racer, Inc. v. Doe*, 2011 WL 3652521 (N.D.Cal. 2011).

> subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York).

*VPR Internationale v. Does 1-1017*, Case No. 2:11-cv-02068-HAB, Dkt. 15, at 2 (C.D. Ill April 29, 2011), attached hereto as **Exhibit J**.  However, "whether you're guilty or not, 'you look like a suspect.'" *Id.* at 3.

Plaintiff's claims and alleged IP evidence also fail to provide any evidence of liability under a theory of contributory infringement. Specifically, Plaintiff must show "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) (*citing Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). *See generally Newborn v. Yahoo!, Inc.*, 391 F.Supp.2d 181 (D.D.C. 2005). Since as a matter of law, an IP address is not a person under any direct infringement analysis, it is simply logical by extension that an unreliably harvested IP address fails to allege any knowledge of or contribution to any infringing activity.

Based on the technological ease with which wholly innocent Defendants can be so easily falsely identified—for example when the neighbor, unbeknownst to anyone, illegally executing a BitTorrent protocol through a putative Defendant's wireless signal, or perhaps a person simply accessing through increasingly popular free public "Wi-Fi"—coupled with the devastating effect such a false accusation could have, Plaintiff's allegations fail to provide sufficient accuracy, nor a volitional act associated to an account holder sufficient to support its claim. Thus, the Order granting leave to serve third party subpoenas should be vacated and the subpoena should be quashed.

**3.      The Subpoena Should Be Quashed to Protect Defendant From
<u>Unreasonable Annoyance, Embarrassment and Oppression</u>**

The Order granting leave to serve third-party subpoenas should be vacated and the

subpoena quashed to prevent Defendant from suffering unwanted annoyance, embarrassment,

and oppression, or otherwise, suffering an undue burden. *See* FED. R. CIV. P. 45(c)(3)(A)(iv).

Here, Plaintiff, as part of its for-profit business model, seeks Defendant's confidential personal

identifying information from Defendant's ISP so that Plaintiff can annoy and embarrass

Defendant, and coerce a quick and profitable settlement under the threat of publicly outing

Defendant of illegally downloading pornography—despite evidence calling into question

whether Defendant ever engaged in such acts.

Plaintiff's subpoena is intended to cause an undue annoyance, embarrassment, and

oppression that would result if Defendant's personal identifying information were associated,

without sufficient evidentiary support, of illegally downloading pornography. Such association

would be highly embarrassing to Defendant, unjustifiably stigmatizing to Defendant, injurious of

the Defendant's character and reputation, and potentially jeopardizing to the Defendant's

employment. Moreover, even after Defendant is able to demonstrate that Plaintiff's allegations in

this suit are false, the embarrassment and reputational damage from Plaintiff's false public claim

will still persist. However, by vacating its Order granting Plaintiff leave to serve third-party

subpoena and by quashing the Plaintiff's subpoena, the Court can prevent Defendant from being

unjustly harmed and embarrassed by premature allegations of downloading illegal pornography.

Under these circumstances, the Order should be vacated and the subpoena should be quashed.

**C.      Alternatively, a Protective Order Should Be Entered Precluding
<u>Public Disclosure of Defendant's Confidential Information</u>**

Alternatively, Defendant respectfully requests that the Court enter a protective order prohibiting the public disclosure of any confidential information relating to Defendant that is obtained from Defendant's ISP through the subpoena.

Under Rule 26(c), this Court is authorized to issue such a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure [and] limiting the scope of disclosure . . . as to certain matters." FED. R. CIV. P. 26(c)(1)(B) & (D).

Here, if the Court does not vacate the Order and does not quash Plaintiff's otherwise improper subpoena, the Court, at a minimum, should enter a protective order prohibiting the public disclosure of any information relating to Defendant obtained via the subpoena. Among other things, the protective order should mandate that all court filings in this action that contain or reference information relating to Defendant obtained via the subpoena must either be redacted or filed under seal to prevent the public disclosure and ensure the continued confidentiality of that information.

Such a public accusation would be highly embarrassing to Defendant, unjustifiably stigmatize Defendant, injure Defendant's character and reputation, and potentially jeopardize Defendant's employment. Moreover, even after Defendant is able to demonstrate that Plaintiff's allegations in this suit are false, the embarrassment and reputational damage from Plaintiff's false public claim will still persist. By entering the requested protective order, however, the Court can prevent Defendant from being unjustly harmed and embarrassed by premature allegations of downloading illegal pornography without impairing Plaintiff's ability to obtain the requested information and otherwise litigate its case.

14

Prohibiting public disclosure of Defendant's confidential information is necessary to prevent Defendant from suffering undue annoyance, embarrassment, and oppression that would result if Plaintiff, without sufficient evidentiary support, publicly accuses Defendant of illegally downloading pornography. In addition, such protection will comport with this Court role as an impartial adjudicator of legal disputes and not "merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability." *Righthaven LLC v. Hill*, *supra*, No. 1:11-cv-00211, Dkt. 16, **Ex. D**.

As noted *infra*, "the embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether [Plaintiff] has competent evidence to prove its case." *VPR Internationale*, *supra*, Case No. 2:11-cv-02068-HAB, Dkt. 15, at 3 **Ex. J**. Is it then illogical or unthinkable to think that an anonymous Defendant—irrespective of actual guilt or innocence—faced with the professional/personal ruin, along with the uncertainty and cost of a federal lawsuit wouldn't simply decide to pay a few thousand dollars to make "it" all go away?  Such Protection Order furthers this appropriate judicial role and would not prejudice Plaintiff's rights in any way.

Accordingly, if the Court does not sever John Doe Defendants 2 through 18 from this action, does not vacate its Order and does not quash the Subpoena, the Court should enter a protective order:  (1) prohibiting the public disclosure of any information relating to Defendant obtained from Defendant's ISP through Plaintiff's Subpoena without Defendant's consent or the Court's prior authorization; and (2) requiring any party filing a pleading in this action that contains or references any information relating to Defendant produced in response to the Subpoena to file under seal.

**IV.    CONCLUSION**

For all of the above stated reasons, Defendant requests that the Court grant Defendant's

Motion in the form of Order submitted herewith.

Respectfully submitted,

**FELLHEIMER & EICHEN LLP**

 */s/ John J. Jacko, III*
John J. Jacko, III, Esquire
Susan M. O, Esquire
Two Liberty Place
50 South 16th Street, 34th Floor
Philadelphia, PA 19102
Phone:  (215) 253-6634
*Attorneys for Defendant*
*John Doe 13*

Dated:  March 8, 2012