IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK COLLINS, INC., : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | No. 11-7252 |
| : | |
| JOHN DOES 1-18, : | |
| Defendants. : | |
| : | |

**ORDER**

**AND NOW,** this 7th day of May, 2012, upon consideration of Defendant John Doe 13's "Motion to Sever Defendants for Improper Joinder and to Vacate the Order Granting Leave to Serve Third-Party Subpoenas and to Quash the Subpoena" (Doc. No. 6) and Plaintiff's responses thereto, we find as follows:

FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff, Patrick Collins, Inc., brings this action against eighteen John Doe defendants for, inter alia, direct and contributory infringement of Plaintiff's copyrighted motion picture, *Latin Booty* (the "Work"). Defendants allegedly infringed Plaintiff's copyright by downloading the Work using BitTorrent, an internet peer-to-peer file sharing protocol, as part of the same "swarm" of users. (Compl. ¶¶ 11, 36-40, 46-61.)

2. On January 24, 2012, this Court granted Plaintiff's motion for leave to serve third party subpoenas on the internet service providers ("ISP") identified in the complaint in order for Plaintiff to determine the identity of the John Doe defendants (Doc. No. 5).

3. Presently before the Court is Defendant John Doe 13's motion to (1) sever defendants for improper joinder, (2) vacate this Court's January 24, 2012 Order, and (3) quash the

subpoena served upon Comcast, Defendant's ISP, or in the alternative, enter a protective order.  We will address each issue in turn.

JOHN DOE 13'S MOTION TO SEVER

4.  Federal Rule of Civil Procedure 20(a)(2) permits joinder of numerous defendants in a single action if the claims: (1) arise out of the same transaction, occurrence, or series of transactions and occurrences; and (2) contain a common question of law or fact.  FED. R. CIV. P. 20(a).  Although the United States Court of Appeals for the Third Circuit has not directly interpreted Rule 20(a), it has held that events comprising the same transaction or occurrence bear a "logical relationship" to one another and involve "the same factual issues[] or the same factual and legal issues."  See Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 390 (3d Cir. 2002) (discussing Federal Rule of Civil Procedure 13).  The underlying policy for permissive joinder is "to promote trial convenience and expedite the final determination of disputes."  Cooper v. Fitzgerald, 266 F.R.D. 86, 88 (E.D. Pa. 2010) (quoting Daraji v. Monica, 2007 WL 2994608, at *10 (E.D. Pa. Oct. 21, 2007) (internal quotation marks omitted).  Thus, the impulse under the Federal Rules is "toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)).

5.  The propriety of joining defendants based on BitTorrent or other peer-to-peer protocols has been raised in lawsuits across the country with courts reaching different conclusions.  Compare, e.g., Call of the Wild v. Does 1-331, 274 F.R.D. 334 (D.D.C. 2011) (finding

joinder was appropriate at the discovery stage), with Fonvisa, Inc. v. Does 1-9, 2008 WL 919701 (W.D. Pa. Apr. 3, 2008) (finding joinder improper).

6. After considering the parties' filings in the present matter, we find that severance would be inappropriate at this time. Plaintiff's allegation that Defendants downloaded and shared the same file, were part of the same swarm, and are contributorily liable for each others' infringement is sufficient to establish, at this stage of the proceedings, that the claims against each Defendant are logically related and therefore arise out of the same transaction, occurrence, or series of transactions and occurrences. Further, Plaintiff's infringement claims against each Defendant clearly contain common questions of law and fact. While we recognize that each Defendant may later present different factual and legal defenses, that does not defeat the commonality that supports joinder at this stage. Therefore, Defendant's motion to sever will be denied without prejudice.

JOHN DOE 13'S MOTION TO VACATE

7. John Doe 13 also moves to vacate the Court's January 24, 2012 Order granting Plaintiff leave to serve third party subpoenas, arguing that "the technology used to identify individual defendants for copyright infringement is unreliable and insufficient to show a volitional act of copyright infringement." Specifically, Defendant contends that, because Plaintiff's allegations "cannot account for numerous issues, from open wireless networks being illegally invaded, IP address spoofing [and] human and collection errors," there is a risk that the individual whose identity is revealed by the subpoena may not be the infringer, and thus the subpoenas are improper. (Def.'s Br. 10-11.)

8. As explained in our Order, Plaintiff had established good cause to serve third party subpoenas on the ISPs identified in its complaint.[1] (See Doc. No 5.) Among other reasons, Plaintiff established that a subpoena seeking the subscriber information of the allegedly infringing IP addresses is the only means by which it could identify the proper defendants and prosecute its case. (See Fieser Decl. ¶¶ 9, 23, Pl.'s Mot. for Leave to Serve Third Party Subpoenas.) The defenses raised by Defendant do not change our finding of good cause.[2] Accordingly, we will deny Defendant's motion to vacate our January 24, 2012 Order.

JOHN DOE 13'S MOTION TO QUASH, OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

9. John Doe 13 next argues that the subpoena served on ISP Comcast should be quashed to protect Defendant from the "unwanted annoyance, embarrassment and oppression" that would result from "premature allegations" of illegally downloading pornography. Alternatively, Defendant contends that a protective order should be entered precluding public disclosure of Defendant's confidential information. Defendant argues that the protective order should, among other things, "mandate that all court filings in this action that contain or reference information relating to Defendant obtained via the subpoena [] either be redacted or filed under seal." (Def.'s Br. 13-14.)

---

[1] In internet infringement cases, courts generally consider five factors in assessing whether good cause exists: (1) a concrete showing of a prima facie claim of copyright infringement; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) defendants' expectation of privacy. Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

[2] If a defendant believes he or she has been improperly identified by an ISP, he or she may of course raise the defense in litigating the case.

10. Under Federal Rule of Civil Procedure 45(c), a court must quash a subpoena when it subjects a person to undue burden. FED. R. CIV. P. 45(c)(3)(A)(iv). The "burden of proving that a subpoena is oppressive is on the party moving to quash." In re Gateway Eng'rs, Inc., 2009 WL 3296625 (W.D. Pa. Oct. 9, 2009) (quoting Linder v. Dep't of Defense, 133 F.3d 17, 24 (D.C. Cir. 1998)). Further, Federal Rule of Civil Procedure 26(c) allows a court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure . . . [and] limiting the scope of disclosure . . . to certain matters." FED. R. CIV. P. 26(c)(1)(B), (D). A party seeking a protective order "whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." Shingara v. Skiles, 420 F.3d 301, 307 (3d Cir. 2005) (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994)).

11. John Doe 13 has not shown how Plaintiff's subpoena to Comcast will subject Defendant to an undue burden. Defendant has also failed to demonstrate how the disclosure of his identifying information will cause "particularly serious" embarrassment. See Liberty Media Holdings, LLC v. Swarm Sharing Hash File AE340D0560129AFEE8D78CE07F2394C7 B5BC9C05, 2011 WL 5161453, at *7 (D. Mass. Oct. 31, 2011) ("The potential embarrassment . . . of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously."). Thus, Defendant's motion to quash and motion for protective order will be denied.

**WHEREFORE**, it is hereby **ORDERED** that John Doe 13's motion is **DENIED**.[3]

                                           **BY THE COURT:**

                                           /s/ Mitchell S. Goldberg

                                           _____
                                           **Mitchell S. Goldberg, J.**

---

[3] As discussed above, John Doe 13's motion to sever is denied without prejudice.